UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23017-CIV-KING

SPENCER DUKE,

      Plaintiff,

vs.

PRESTIGE CRUISES INTERNATIONAL, INC.,
PRESTIGE CRUISE HOLDINGS, INC., OCEANIA
CRUISES, INC., PRESTIGE CRUISE SERVICES, LLC,
SEVEN SEAS CRUISES S. DE R.L., REGENT SEVEN
SEAS CRUISES, CLASSIC CRUISES, LLC, CLASSIC
CRUISES II, LLC, PRESTIGE CRUISE SERVICES
(EUROPE) LIMITED UK, SUPPLY STILL LIMITED,
REGENT SEVEN SEAS CRUISES UK LIMITED,
CELTIC PACIFIC (UK), LIMITED, CELTIC PACIFIC
(UK) TWO, LIMITED, MARINER, LLC, SSC (FRANCE),
LLC, VOYAGER VESSEL COMPANY, LLC,
NAVIGATOR VESSEL COMPANY, LLC,
MARINA NEW BUILD, LLC, RIVIERA NEW BUILD,
LLC, EXPLORER NEW BUILD, LLC, SSC FINANCE
CORP., and OCI FINANCE CORP.,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendants PRESTIGE CRUISES

INTERNATIONAL, INC., PRESTIGE CRUISE HOLDINGS, INC., OCEANIA

CRUISES, INC., PRESTIGE CRUISE SERVICES, LLC, and SEVEN SEAS CRUISES

S. DE R.L.'s (collectively, "Movants") Motion to Dismiss Plaintiff's Amended

1

Complaint and Incorporated Memorandum of Law (DE 16), filed January 13, 2015.[1]

Defendants seek the dismissal of Plaintiff's Amended Complaint (DE 7) on the basis that

it fails to comply with federal pleading standards, fails to evidence that all conditions

precedent to bringing suit have been fulfilled, and fails to state a claim upon which relief

may be granted as to Counts I and II.

## BACKGROUND

Plaintiff SPENCER DUKE brings this action based on his alleged retaliatory

termination in violation of section 806 of the Sarbanes-Oxley Act of 2002 (Count I), the

Dodd-Frank Wall Street Reform and Consumer Protection Act (Count II), and the Florida

Private Whistleblower Act (the "FWA") (Count III) against Defendants PRESTIGE

CRUISES INTERNATIONAL, INC., PRESTIGE CRUISE HOLDINGS, INC.,

OCEANIA CRUISES, INC., PRESTIGE CRUISE SERVICES, LLC, SEVEN SEAS

CRUISES S. DE R.L., REGENT SEVEN SEAS CRUISES, CLASSIC CRUISES, LLC,

CLASSIC CRUISES II, LLC, PRESTIGE CRUISE SERVICES (EUROPE) LIMITED

UK, SUPPLY STILL LIMITED, REGENT SEVEN SEAS CRUISES UK LIMITED,

CELTIC PACIFIC (UK), LIMITED, CELTIC PACIFIC (UK) TWO, LIMITED,

MARINER, LLC, SSC (FRANCE), LLC, VOYAGER VESSEL COMPANY, LLC,

NAVIGATOR VESSEL COMPANY, LLC, MARINA NEW BUILD, LLC, RIVERIEA

NEW BUILD, LLC, EXPLORER NEW BUILD, LLC, SSC FINANCE CORP., and OCI

FINANCE CORP.—whom he collectively refers to as the "Company" in the Amended

---

[1] The Court has additionally considered Plaintiff's Response in Opposition to the Motion (DE 25), filed February 7, 2015, and Defendants' Reply in Support of the Motion (DE 34), filed February 25, 2015.

2

Complaint, and makes no effort whatsoever to distinguish between the various legal entities named as Defendants. While the Amended Complaint named twenty-four Defendants, Movants are the only Defendants who have been served. Indeed, to date, Plaintiff has not filed with the Clerk, or requested the clerk to issue, proposed summonses for service on eighteen of the remaining twenty-three named Defendants.[2]

The following facts are alleged in the Amended Complaint, which the Court accepts as true for the purposes of the instant Motion:

Plaintiff was hired by the Company as its Senior Director of Compliance and Security in January of 2013.[3] Plaintiff's role at the company was to provide objective assessments of the Company's compliance with applicable regulations (including the Sarbanes-Oxley Act (the "SOA") and the Health Insurance Portability and Accountability Act) regarding the Company's internal controls over financial reporting and data security. During 2012, Plaintiff identified certain internal controls relating to SOA compliance were not operating effectively. At some point after making this discovery, Plaintiff reported his findings to his then-direct supervisor, Alfred Alfonso, and to the Senior Director of Internal Audit, Steve Roth.

On March 1, 2013, an information technology engineer came to Plaintiff and "made a significant number of serious allegations related to violations of [U.S. Generally Accepted Accounting Principles], misappropriations, deficient internal controls over

---

[2] The Amended Complaint additionally named Apollo Global Management, LLC ("Apollo") as a Defendant, but Plaintiff subsequently voluntarily dismissed his claims against Apollo. *See* DE 36; DE 38.

[3] This appears to have been a typographical error, as the Amended Complaint goes on to recount actions taken by Plaintiff as an employee of the Company during 2012.

financial reporting, deficient security controls, backups not being performed regularly, a lack of documented procedures, and lies/misrepresentations made to the Company's auditors from early in 2010 to March 1, 2013." Plaintiff notified Mr. Roth and the Company's Vice President of Information Technology, Benigno Lago, about the engineer's allegations, and commenced to investigate the allegations.

"On March 2, 2013, [Plaintiff] issued an 'Ethics and Compliance' Report that described the substance of the [engineer]'s various complaints." On March 5, 2013, at the direction of Mr. Lago, Plaintiff provided information to the Company's external auditors, PricewaterhouseCoopers, related to his investigation. On May 20, 2013, Plaintiff was terminated from the company without notice. "The Company's stated reason for terminating [Plaintiff] was that the Company had undergone restructuring and that his position had been eliminated." Sometime after his termination, Plaintiff filed a complaint with the Secretary of Labor concerning his belief that his termination was in retaliation for activities protected by the Sarbanes-Oxley Act.

## LEGAL STANDARD ON MOTION TO DISMISS

Defendant's Motion to Dismiss alleges that the Complaint fails federal pleading standards and should be dismissed, under Rule 12 of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

## DISCUSSION

In the Motion, Defendants assert the Amended Complaint (the "Complaint") should be dismissed in its entirety because the Complaint is devoid of facts, rife with conclusory allegations, and fails to identify what alleged wrongs were committed by which Defendant; opting instead to treat twenty-three separate corporate entities as though they are one. Additionally, with respect to Count I, Defendants claim Plaintiff failed to exhaust his administrative remedies under the Sarbanes-Oxley Act (the "SOA") prior to bringing this action with respect to all but Defendant Prestige Cruise Holdings, Inc. Further, Defendants argue, Plaintiff cannot claim protection under the SOA's anti-retaliation provision, in any event, since Defendants are not subject to that statute.

Finally, with respect to Count II, Defendants argue Plaintiff cannot avail himself of whistleblower protection under the Dodd-Frank Wall Street Reform and Consumer Protection Act (the "DFA") because he made no reports to the Securities and Exchange Commission during the course of his alleged investigation. Upon consideration, the Complaint shall be dismissed with leave to amend certain deficiencies, as follows:

The Complaint is certainly an example of unartful pleading, however, it is a stretch to say that "Plaintiff has proffered only generalized, conclusory allegations, but no facts to plausibly allege that any of the Defendants engaged in wrongdoing . . . ." *See* DE 16 at 7. And, though it is indeed rife with conclusory allegations, the Complaint contains a nucleus of facts describing Plaintiff's employment and allegedly wrongful termination due to his investigation into allegedly insufficient internal financial reporting and data security controls. A more pressing problem is the manner in which Plaintiff treats twenty-three separate Defendants as though they are collectively his employer, and as though they took every complained-of action without distinguishing between them. The Court will address this problem in the balance of this Order.

With respect to Count I, the anti-retaliation provisions of the SOA only apply to companies "with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (the "SEA"), 15 U.S.C. § 78l, or that is required to file reports under section 15(d) of the SEA, 15 U.S.C. § 78o(d)) . . . ." 18 U.S.C. § 1514A(a)(1). However, a company only becomes a section 12 issuer if the company has $10 million in total assets *and* a class of equity securities held by 2,000 persons or 500 unaccredited investors. 15 U.S.C. § 78l(g). Further, the reporting requirement under section 15(d) is

"automatically suspended as to any fiscal year . . . if, at the beginning of such fiscal year, the securities of each class . . . to which the registration statement relates are held of record by less than 300 persons . . . ." 15 U.S.C. 78o(d)(1). Moreover,  A person may file suit in federal court under the whistleblower anti-retaliation provision of the SOA, 18 U.S.C. § 1514A, only where the Secretary of Labor fails to issue a final decision within 180 days of the filing of a complaint, which, in turn must have been filed within ninety days of the alleged violation. and the conditions precedent to bringing suit under the SOA. *See* 18 U.S.C. § 1514A(b)(1, 2).

In the instant case, Plaintiff can, at best, be said to have exhausted his administrative remedies as to only two Defendants, Prestige Cruise Holdings, Inc. and Seven Seas Cruises, S. de R.L., as these are the only two entities named in the complaint Plaintiff filed with the Secretary of Labor and his amendment thereto. However, Defendants also assert that they are not subject to the anti-retaliation provisions of the SOA because they were not issuers of a class of securities registered under section 12 of the SEA and are not subject to section 15(d)'s reporting requirement because they had fewer than 300 shareholders of record as of January 1, 2013. Plaintiff does not dispute that Defendants did not have a class of securities registered under section 12 of the SEA, but suggests that Defendants were nonetheless subject to the anti-retaliation provisions of the SOA because Defendants were required to file reports under section 15(d) of the Securities Exchange Act of 1934.

Upon consideration, the Court finds that Plaintiff should be entitled to discovery on the facts relating to Defendants' section 15(d) reporting duties. Accordingly, Count I

will be dismissed with prejudice as to Defendants Prestige Cruises International, Inc., Oceania Cruises, Inc., and Prestige Cruise Services, LLC. As to Defendants Prestige Cruise Holdings, Inc. and Seven Seas Cruises, S. de R.L., Count I will be dismissed with leave to amend and make a more definite statement of his claim against those two Defendants.

With respect to Count to Count II, Plaintiff does not allege that he provided any information to the Securities and Exchange Commission at any time in connection with his investigation. Accordingly, Count II, to the extent that it relies solely upon his participation in an internal investigation, is dismissed with prejudice. *See Asadi v. G.E. Energy (USA), LLC*, 720 F.3d 620, 623 (5th Cir. 2013) (to be afforded whistleblower protection under the DFA a person must have reported information to the SEC); *see also Englehart v. Career Educ. Corp.*, No. 8:14-CV-444-T-33EAJ, 2014 WL 2619501, at *8-9 (M.D. Fla. May 12, 2014) (adopting reasoning in *Asadi* and holding that plaintiff was not a DFA whistleblower because he never reported anything to the SEC). If Plaintiff did in fact supply information to the SEC before he was terminated, he may re-plead his DFA whistleblower claim to include allegations based upon that protected activity.

With respect to Count III, Defendants advanced no basis for dismissal of Count III other than the generalized pleading deficiencies identified above, which are well-taken. Accordingly, Count III is dismissed without prejudice, with leave to amend and make a more definite statement of his claim against Defendants.

## CONCLUSION

Accordingly, it is **ORDERED**, **ADJUDGED** and **DECREED** that Defendants' Motion to Dismiss the Amended Complaint **(DE 16)** be, and the same are hereby, **GRANTED** as follows:

1. Count I is **DISMISSED WITH PREJUDICE** as to Defendants PRESTIGE CRUISES INTERNATIONAL, INC., OCEANIA CRUISES, INC., and PRESTIGE CRUISE SERVICES, LLC;

2. Count I is **DISMISSED WITHOUT PREJUDICE** as to Defendants PRESTIGE CRUISE HOLDINGS, INC. and SEVEN SEAS CRUISES, S. DE R.L., with leave to amend within **twenty (20) days** and make a more definite statement of his claim as to those two Defendants;

3. Count II, to the extent that it relies solely upon Plaintiff's participation in an internal investigation, is **DISMISSED WITH PREJUDICE**;

4. Count III is **DISMISSED WITHOUT PREJUDICE**, with leave to amend within **twenty (20) days** and make a more definite statement of his claim.

**IT IS FURTHER ORDERED** and **ADJUDGED** that the Amended Complaint **(DE 7)** is **DISMISSED** as to Defendants REGENT SEVEN SEAS CRUISES, CLASSIC CRUISES, LLC, CLASSIC CRUISES II, LLC, PRESTIGE CRUISE SERVICES (EUROPE) LIMITED UK, SUPPLY STILL LIMITED, REGENT SEVEN SEAS CRUISES UK LIMITED, CELTIC PACIFIC (UK), LIMITED, CELTIC PACIFIC (UK) TWO, LIMITED, MARINER, LLC, SSC (FRANCE), LLC, VOYAGER VESSEL COMPANY, LLC, NAVIGATOR VESSEL COMPANY, LLC, MARINA NEW

BUILD, LLC, RIVIERA NEW BUILD, LLC, EXPLORER NEW BUILD, LLC, SSC FINANCE CORP., and OCI FINANCE CORP. for failure to serve the complaint within 120 days of filing, as required by Federal Rule of Civil Procedure 4(m), and for lack of prosecution.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 14th day of August, 2015.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**